# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN EAGLE WASTE, INDUSTRIES, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | No. 4:09-CV-816 CAS |
| SAINT LOUIS COUNTY, MISSOURI, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is defendants St. Louis County ("the County") and Rebecca Howe's motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), all claims asserted by plaintiffs in their first amended petition. Plaintiffs oppose the motion to dismiss and have filed a motion for partial summary judgment. For the following reasons, the Court will grant defendants' motion to dismiss as to Count V, dismiss without prejudice for ripeness Count IV, and decline to exercise supplemental jurisdiction over the remaining state law claims.

### *I. Background*

The dispute involves the County's creation of trash districts in unincorporated St. Louis County. It is undisputed that all three plaintiffs, American Eagle Waste Industries LLC, Meridan Waste Services LLC, and Waste Management of Missouri, Inc., were in the business of collecting and disposing of solid waste for residents in the County, including residents in unincorporated St. Louis County. Prior to the implementation of ordinances adopted in 2006, residents of unincorporated St. Louis County could contract with private licensed trash haulers for the removal of their trash. All three plaintiffs had trash removal agreements with residents in unincorporated St.

Louis County prior to the amendments.

In December 13, 2006, St. Louis County Council modified the County's waste ordinances to enable the County to establish trash collection districts in unincorporated St. Louis County. Under the new waste ordinance, "the County Executive shall by January 15, 2008, establish areas within the unincorporated County for the collection and transfer of waste and recovered materials." St. Louis County Code § 607.1300. The County Executive was also to solicit bids for each newly-established trash district. According to the new ordinance, exclusive service contracts, which were not to exceed three (3) years, would then be awarded to "persons that have submitted the most responsible bids or proposals." St. Louis County Code § 607.1310.

In June 2007, after the County had changed its ordinances but before it had accepted any bids, the Missouri General Assembly approved an amendment to Mo. Rev. Stat. § 260.247. That section formerly provided that in the event a city commences solid waste collection, the city must give companies currently providing collection services notice before doing so. Mo. Rev. Stat. § 260.247 (2000). Additionally, the statute provided a two-year waiting period once the city gave notice before it could commence trash collection services, unless the city chose to contract with the private companies providing collection services at the time. Id. The 2007 amendment expanded the reach of the statute to "[a]ny city or political subdivision" intending to enter into waste collection. Mo. Rev. Stat. § 260.247 (Supp. 2007). The amendment became effective on January 1, 2008, after the County had announced it intention of establishing trash districts, but before the County had solicited or accepted any bid proposals.

In 2007, an implementation team of County personnel met and formed eight trash districts for unincorporated St. Louis County. Beginning in early 2008, the County began soliciting bids for the

2

eight new trash districts it had established. Bids for Trash District 3 were opened on March 20, 2008. The County awarded the contract to Veolia ES Solid Waste Midwest LLC ("Veolia") in April 2008, and Veolia began collection on July 1, 2008. Bids for Trash Districts 1, 2, 4-7 opened in May 2008. The remaining contracts were awarded in June 2008, with collection beginning on October 1, 2008. Each of the three plaintiffs submitted one or more bids, but none were awarded contracts.

Plaintiffs filed a petition for writ of mandamus with an alternative count for declaratory judgment against in the Circuit Court of St. Louis County on May 29, 2008. In their petition, plaintiffs asked the court to order the County to withdraw the contract it had awarded Veolia for Trash District 3; cease accepting bids for the remaining trash districts; and provide plaintiffs two-year notice via certified mail in compliance with Mo. Rev. Stat. § 260.247. The trial court denied plaintiffs' petition for writ of mandamus the day it was filed. The County then filed a motion to dismiss for failure to state a claim in response to plaintiffs' petition for declaratory judgment. In its motion, the County argued that § 260.247 did not apply to it because it was a charter county under Missouri Constitution article VI, section 18. The County also argued plaintiffs had failed to join an indispensable party, Veolia. The trial court granted the County's motion to dismiss and found that § 260.247 did not apply to the County's actions because it was a charter county, and therefore, plaintiffs had failed to state a claim. Plaintiffs appealed.

The Missouri Court of Appeals, Eastern District reversed. The appellate court found that § 260.247 was a general statute of state-wide public policy, and therefore it did apply to the County, despite its status as a charter county. State ex rel. Am. Eagle Waste Indus. v. St. Louis County, 272 S.W.3d 336, 343 (Mo. Ct. App. 2008). In addressing whether the County, as a charter county, had the authority to pass an ordinance that would take precedent over a state statute, the Missouri Court

3

of Appeals took up the issue of whether the County's ordinance and § 260.247 had the same purpose or purport to regulate the same activity. In finding they did not, the Missouri Court of Appeals wrote:

> Thus section 260.247 does not conflict with the County's trash collection ordinance, nor do the two have the same purpose as the trial court concluded. The County is authorized to enter the business of trash collection, and even to take it out of the hands of private collectors. But enacting an ordinance which would allow the County to do so without following the notice requirement and waiting period in section 260.247 would bring it "out of harmony with the general laws of the states" and amount to "[an] attempt to change the policy of the state as declared for the people at large." State ex rel. Spink v. Kemp, 365 Mo. 368, 283 S.W.2d 502, 514 (Mo. 1955). A charter county's exercise of power that produces this result is impermissible. The County here can both take over trash collection as it wishes while at the same time remaining in harmony with the public policy of the state. Accordingly, we find that the County does not have authority to legislate over the requirements of section 260.247.

Id. at 343 (footnote omitted). The appellate court concluded the County "may not exercise its constitutional legislative authority to override section 260.247." Id. at 343-44.

Following remand to the trial court, plaintiffs moved on April 27, 2009, to amend their petition to add additional counts. The motion to amend was granted over defendants' objections on May 21, 2009. In their amended petition, plaintiffs raise five counts: declaratory judgment (Count I); breach of implied contract (Count II); state anti-trust (Count III); taking of private property without just compensation in violation of the Fifth Amendment to the U.S. Constitution (Count IV); and violation of the due process clause in the Fourteenth Amendment to the U.S. Constitution (Count V).

On May 27, 2009, defendants removed the case to this Court on the basis of federal question jurisdiction. They did not file an answer to the amended petition, but moved to dismiss all five counts pursuant to Rule 12(b)(6) for failure to state a claim. Plaintiffs, in turn, moved for partial summary

judgment. They argue they are entitled to judgment as a matter of law in regard to Counts I and II.

## *II. Standards*

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. In a motion to dismiss, the Court is to accept as true the factual allegations contained in the complaint and then determine whether the allegations establish that the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). See also Fed. R. Civ. P. 8(a)(2). As the Supreme Court held in Twombly, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted).

The standard applicable to summary judgment motions is well-settled. Pursuant to Federal Rule of Civil Procedure 56©, a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## *III. Analysis*

### A. Plaintiffs' Claim for Fifth Amendment Taking of Private Property Is Not Ripe for Review.

In their amended petition, plaintiffs allege Mo. Rev. Stat. § 260.247 creates a property interest in the continuation of their previously existing contracts for hauling trash in unincorporated St. Louis County. According to plaintiffs, they were "entitled to keep servicing their customers in

5

unincorporated St. Louis County and were entitled to at least the same amount of money from the County for providing that service," if the County wished to commence or expand trash hauling prior to giving plaintiffs two years notice. Amended Petition at 16, ¶ 62. Plaintiffs allege defendants, acting under color of state law, appropriated their property – interest in trash hauling in unincorporated St. Louis County – without compensation in violation of the Fifth Amendment.

In response, defendants move to dismiss on the grounds that plaintiffs have failed to identify a compensable property interest under the Fifth Amendment. Defendants argue that a "right" created by a regulatory scheme, such as Mo. Rev. Stat. § 260.247, bears little resemblance to "property" within the meaning of the Fifth Amendment. According to defendants, the right to which plaintiffs claim a property interest was created by the legislature, which retains the authority to change or eliminate the right, and therefore, the alleged property interest is not protected by the Fifth Amendment. The Court, however, need not decide whether Mo. Rev. Stat. § 260.247 creates a property interest for plaintiffs because their Fifth Amendment claim is not ripe for review.[1]

The Fifth Amendment protects rather than creates property interests. Phillips v. Washington Legal Found., 524 U.S. 156, 164 (1998). And it does not proscribe the taking of property; it proscribes taking without just compensation. Hodel v. Virginia Surface Mining & Reclamation Assn., Inc., 452 U.S. 264, 297 (1981). The Fifth Amendment also does not require that just compensation be paid in advance of, or contemporaneously with, the taking. It requires that a "reasonable, certain and adequate provision for obtaining compensation exist at the time of the taking." Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194-95 (1985)

---

[1] Defendants have not explicitly raised the issue of ripeness. The Court may raise the issue on its own, however, because it is jurisdictional. Snaza v. City of St. Paul, Minn., 548 F.3d 1178, 1182 (8th Cir. 2008); Koscielski v. City of Minneapolis, 435 F.3d 898, 903-04 (8th Cir. 2006).

(citations omitted). If a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Fifth Amendment until it has used that procedure and been denied compensation. Id.

Here, plaintiffs embarked on an attempt to obtain compensation for what they perceive as a taking of their property. They brought suit in state court for a declaration that they were entitled to compensation under Mo. Rev. Stat. § 260.247. They did not, however, complete the adjudication of their claim before amending their petition to allege a constitutional taking of their property. The state court did not have an opportunity to decide whether plaintiffs were indeed entitled to compensation under § 260.247,[2] and it is not apparent that plaintiffs would have been denied compensation in state court.

Setting aside the issue of whether the right to haul trash in unincorporated St. Louis County is even a property right protected by the Fifth Amendment, plaintiffs' just compensation claim is not ripe for federal review because plaintiffs have not completed their attempt to obtain compensation through the judicial procedures provided by the State of Missouri. Snaza v. City of St. Paul, Minn., 548 F.3d 1178, 1182 (8th Cir. 2008) (finding Williamson controlling, and holding plaintiff's takings claim was not ripe because although plaintiff had filed an inverse condemnation suit, she had not completed the required state process before the action was removed to federal court). See also Koscielski v. City of Minneapolis, 435 F.3d 898, 903 (8th Cir. 2006) (finding a takings claim under the Fifth Amendment is not ripe until the property owner has used the state procedures and been

---

[2] The Missouri Court of Appeals determined that § 260.247 applied to St. Louis County, despite its status as a charter county, but the court did not apply the statute to the facts of the case. State ex rel. Am. Eagle Waste Indus. v. St. Louis County, 272 S.W.3d 336 (Mo. Ct. App. 2008). It reversed the dismissal and remanded the case to the circuit court for further proceedings.

denied compensation); Metzger v. Village of Cedar Creek, Neb., 370 F.3d 822, 823 (8th Cir. 2004) (same); Kottschade v. City of Rochester, 319 F.3d 1038, 1041 (8th Cir. 2003) (same); Estate of Himelstein v. City of Fort Wayne, Ind., 898 F.2d 573, 576 (7th Cir. 1990) ("a federal takings claim is not ripe until it is apparent that the state does not intend to pay compensation."); Von Kerssenbrock-Praschma v. Saunders, 121 F.3d 373, 379 (8th Cir. 1997) (federal court lacked jurisdiction because property owner had failed to pursue claim for compensation in state courts). Because plaintiffs have not completed the adjudication of their claims for compensation in state court, their takings claim is not ripe for review. Therefore, this Court lacks jurisdiction over the takings claim, and Count IV will be dismissed without prejudice.

### B. Plaintiffs Have Failed to State a Claim for Violation of Due Process.

Plaintiffs claim in Count V that defendants violated their constitutional right to due process. The due process clause of the Fourteenth Amendment prohibits any state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This clause has two components: procedural due process and substantive due process. County of Sacramento v. Lewis, 523 U.S. 833, 840 (1998). Here, plaintiffs allege defendants violated their right to procedural due process. Parrish v. Mallinger, 133 F.3d 612, 615 (8th Cir. 1998) ("[a] procedural due process claim focuses not on the merits of a deprivation, but on whether the State circumscribed the deprivation with constitutionally adequate procedures."). They allege defendants deprived them of their property interest in trash hauling without notice, via certified mail, pursuant to Mo. Rev. Stat. § 260.247. Plaintiffs also allege they were denied an opportunity to be heard.

Property rights under the due process clause of the Fourteenth Amendment have been interpreted differently then property rights under the takings clause of the Fifth Amendment. For

purposes of the Fourteenth Amendment, the Supreme Court has emphasized that the "hallmark" of property " is an individual entitlement grounded in state law, which cannot be removed except "for cause."" Logan v. Zimmerman Brush Co., 455 U.S. 422, 430 (1982) (citing to Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 11-12 (1978); Goss v. Lopez, 419 U.S. 565, 573-574 (1975); Board of Regents v. Roth, 408 U.S. 564, 576-578 (1972)). Plaintiffs do not maintain they had an indelible right to collect trash in unincorporated St. Louis County. They acknowledge and the Missouri Court of Appeals has stated that the County has the authority to take trash collection out of the hands of private collectors, which is what plaintiffs have alleged happened here. State ex rel. Am. Eagle Waste Indus. v. St. Louis County, 272 S.W.3d 336, 343 and 343 n.7 (Mo. Ct. App. 2008) ("[t]he County is authorized to enter the business of trash collection, and even to take it out of the hands of private collectors. This authority arises from Missouri Constitution article VI, section 18(c), and the St. Louis County Charter, section 2.180.11."). Plaintiffs' complaint regarding the County's implementation of the trash collection program is not that the County did not have the authority take over trash, but that they did not comply with the terms of Mo. Rev. Stat. § 260.247 or give them a hearing.

Even assuming that Mo. Rev. Stat. § 260.247 applies to the circumstances of this case,[3] and that plaintiffs had a protectable property right under the Fourteenth Amendment, the Court cannot

---

[3] It is possible that a state court might find, as defendants argue in their memorandum in opposition to plaintiffs' motion for partial summary judgment, that the amendment to Mo. Rev. Stat. § 260.247 was enacted in violation of the Missouri Constitution, or that Mo. Rev. Stat. § 260.247 is inapplicable to the County's previously approved program. A state court may also find that the County did not "enter[ ] into or expand[ ] solid waste collection services," the triggering event under § 260.247, but that the County merely modified its licensing scheme for trash collection. The County is not collecting trash itself, nor is it paying a contractor to do so. Private residents are still paying private entities to collect trash in unincorporated St. Louis County.

9

conclude that a constitutional due process violation has occurred. Procedurally, plaintiffs' objection with the County's actions is that it did not provide notice, via certified mail, two years in advance of the solicitation of the bids and/or the awarding of the contract in the new districts. Amended Petition at 11, ¶ 30. Plaintiffs have not pointed to, and the Court can find no controlling authority that would require notice, via certified mail, in order to satisfy the requirements of procedural due process under the Constitution. That requirement arises from Mo. Rev. Stat. § 260.247, not the U.S. Constitution. Furthermore, plaintiffs have not alleged that defendants did not provide them any notice, and the record would belie any such allegation.

As for the notion plaintiffs were entitled to a hearing, "the Constitution does not grant to members of the public generally a right to be heard by public bodies making decisions of policy." Minnesota State Bd. for Cmty. Colleges v. Knight, 465 U.S. 271, 283 (1984) (citing to Bi-Metallic Inv. Co. v. State Bd. of Equalization, 239 U.S. 441 (1915)). "General statutes within the [government]'s power are passed that affect the person or property of individuals, sometimes to the point of ruin, without giving them a chance to be heard. Their rights are protected in the only way that they can be in a complex society, by their power, immediate or remote, over those who make the rule." Bi-Metallic Investment, 239 U.S. at 445. See also Foster v. Hughes, 979 F.2d 130, 132 (8th Cir. 1992) ("[p]ersons are entitled to procedural due process, in the form of an individual opportunity to be heard, only when the government makes an individualized determination, not when the government commits a legislative act equally affecting all those similarly situated."); Collier v. City of Springdale, 733 F.2d 1311, 1315 n.5 (8th Cir. 1984) ("[t]he protections of procedural due process do not apply to legislative acts.").

The County Council's decision to restructure trash collection in unincorporated St. Louis

10

County was not targeted at plaintiffs, and it applied to all trash haulers who collected trash in those areas. The County need not have held a hearing for plaintiffs prior to the adoption or implementation of the new trash program. Foster, 979 F.2d at 132. As for plaintiffs' contention that the new trash program violated state law, namely that under Mo. Rev. Stat. § 260.247 they were entitled to collect trash for a period of two years after receiving proper notice, that issue was and is a matter for the state courts to decide. The County was under no obligation to the hold a hearing as to the legality of their trash program under state law. Collier, 733 F.2d at 1315.

In sum, plaintiffs have failed to state a claim of a due process violation under the Fourteenth Amendment to the U.S. Constitution. Plaintiffs are not entitled to relief under Count V.

### C. Supplemental Jurisdiction

No federal claims remain in this action. It is within the discretionary authority of this Court to decline to exercise supplemental jurisdiction over state law claims once it has dismissed "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see Reeve v. Oliver, 41 F.3d 381, 383 (8th Cir. 1994); McLaurin v. Prater, 30 F.3d 982, 984-85 (8th Cir. 1994). The Court declines to exercise its supplemental jurisdiction over the remaining state law claims. In the interest of comity, the Court will remand to state court plaintiffs' state claims, some of which are novel and complex. Innovative Home Health Care, Inc. v. P.T.--O.T. Associates of the Black Hills, 141 F.3d 1284, 1288 (8th Cir. 1998).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss is **GRANTED** in part. Defendants' motion to dismiss is granted only to the extent that plaintiffs' claim of violation of the due process clause of the Fourteenth Amendment to the U.S. Constitution (Count V) is without merit

11

and **DISMISSED.** [Doc. 4]

**IT IS FURTHER ORDERED** that plaintiffs claim of taking of private property without just compensation in violation of the Fifth Amendment to the U.S. Constitution (Count IV) is **DISMISSED** without prejudice, as the claim is not ripe.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction and the remaining state law claims are **REMANDED** to the Circuit Court of St. Louis County, State of Missouri, from which this matter was removed.

**IT IS FURTHER ORDERED** that plaintiffs' motion for partial summary judgement, motion for hearing on motion for partial summary judgment, motion to strike defendants' statement of material facts, motion to amend the case management order, and defendants' motion to stay motion for partial summary judgment and motion for leave to file sur-reply are **DENIED** as moot. [Docs. 16, 19, 21, 40, 44, and 46]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   18th   day of March, 2010.